UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
TEAM AIR EXPRESS, INC.,

                Plaintiff,

- against -

A. HEFFCO TECHNOLOGIES, INC.,

                Defendant.
------------------------------------------------------X

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

06 CV 2742 (NG)

      On August 6, 2008, this Court issued a Report and Recommendation recommending that plaintiff be awarded $83,925.28 in damages, less $10,744.25 held in escrow by plaintiff, plus $23,915.53 in fees and costs. The Court further recommended that plaintiff be given time to supplement its submissions regarding an award of interest. Having reviewed plaintiff's supplemental submission regarding interest on the unpaid invoices in this matter, it is respectfully recommended that plaintiff be awarded an additional $1,534.15 in principal, plus interest calculated in the manner set forth in plaintiff's Supplemental Affidavit in Support of Damage Calculations, filed with the Court on August 12, 2008.

      Specifically, it is respectfully recommended that plaintiff be awarded a total of $85,459.43 in principal damages based on the additional nine (9) freight invoices plaintiff has now submitted as Exhibit 1 to its Supplemental Affidavit in Support of Damage Calculations to substantiate the Accounts Receivable Statement entered into evidence at the inquest hearing held

before this Court on April 21, 2008.[1] In addition, in accordance with plaintiff's submission, it is respectfully recommended that plaintiff be awarded $4,720.06 in interest payments for the period preceding the generation of the Accounts Receivable Statement on May 4, 2006, for a total of $90,179.49. It is further recommended that plaintiff be awarded $29,483.50 in interest on the unpaid principal for the period from the generation of the Accounts Receivable Statement to the date of the inquest hearing, in accordance with clause 16 of the Conditions of Contract.[2] Plaintiff is also entitled to prejudgment interest at 1.5% interest on the entire unpaid principal of $85,459.43 for the period from the date of the inquest hearing until the date default judgment is entered by the district court, based on the terms of the Contract.

In addition, because this is a diversity case, plaintiff is entitled to prejudgment interest as governed by New York law, in accordance with plaintiff's request for prejudgment interest in its Complaint. Schipani v. McLeod, No. 06 CV 5733, 2008 WL 3553995, at *6 (2d Cir. Aug. 15, 2008) (holding that the plaintiffs were entitled to prejudgment interest under New York law where they "demanded all 'interest, . . . costs and disbursements of this action'" in their complaint) (citing Baker v. Dorfman, 239 F.3d 415, 425 (2d Cir. 2000); N.Y. C.P.L.R. § 5002 (McKinney 1992)). Therefore, pursuant to Sections 5001 and 5002 of New York's Civil Practice Law and Rules, plaintiff would be entitled to seek prejudgment interest of nine percent per

---

[1] In the Court's original Report, it was noted that there was a discrepancy between the total amount requested and the supporting invoices submitted. That discrepancy has now been corrected and clarified.

[2] Plaintiff still has not explained its rationale for choosing to calculate interest from the date of the Accounts Receivable Statement despite the fact that plaintiff is entitled to interest computed as of a reasonable intermediate date during the period of defendant's breach. Accordingly, as plaintiff's request is lower than that to which it is entitled because the creation of the Accounts Receivable Statement came after the period in which defendants breached their agreement to pay on plaintiff's invoices, the Court honors plaintiff's requested interest award.

annum on the entire award, including the parties' contractual prejudgment interest, from the date of defendant's first breach, or a reasonable intermediate date, until the date default judgment is entered by the district court. See N.Y. C.P.L.R. §§ 5001, 5002 (McKinney 1992); Spodek v. Park Prop. Dev. Assocs., 96 N.Y.2d 577, 581-82, 759 N.E.2d 760, 762-63, 733 N.Y.S.2d 674, 676-77 (2001). However, in this case, plaintiff has not specifically requested statutory prejudgment interest nor has plaintiff taken the opportunity to address statutory prejudgment interest in their supplemental submission to the Court. Accordingly, it is respectfully recommended that in the absence of a specific request, plaintiff not be awarded prejudgment interest pursuant to Sections 5001 and 5002.

Plaintiff is also entitled to postjudgment interest as governed by federal statute. Schipani v. McLeod, 2008 WL 2890466, at *6 (citing Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 100 (2d Cir. 2004)). Pursuant to 28 U.S.C. § 1961(a), plaintiff is entitled to postjudgment interest "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [judgment]," computed daily from "the date of the entry of the judgment" -- the date default judgment is entered by the district court. Id. (citing 28 U.S.C. § 1961(a)).

Accordingly, it is respectfully recommended that plaintiff be awarded a total of $119,662.99 in principal and prejudgment interest pursuant to clause 16 of the Conditions of Contract, less the $10,744.25 held in escrow, for a total of $108,918.74. Therefore, the total recommended award, including attorney's fees of $23,915.53, is $132,834.27, plus an award of prejudgment interest of 1.5% on the unpaid principal of $85,459.43, in accordance with clause 16

of the Conditions of Contract, for the period from the date of the inquest hearing until the date default judgment is entered by the district court. In addition, it is recommended that plaintiff be awarded postjudgment interest as calculated by the Clerk of the Court.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
September 3, 2008

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York